UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS L. WILSON (#356241), ET AL.**     CIVIL ACTION NO.

**VERSUS**     20-818-SDD-EWD

**JOSEPH GUERIN, ET AL.**

## ORDER

Before the Court is a Motion to Proceed *in Forma Pauperis* ("Motion"),[1] filed by Cornelius L. Wilson ("Wilson"), who is representing himself and confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Plaintiff's Motion[2] will be denied. Additionally, Sheila B. Self ("Self"), also proceeding as a Plaintiff in this action, shall be required to submit either the filing fee for this action or apply to proceed as a pauper.

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 against numerous individuals ("Defendants") alleging that Defendants are attempting to force Wilson to prove his worthiness "of being a creditor or sovereignty [sic]" and that he is being held as collateral for some debt.[3]

Wilson is not permitted to proceed in this case without prepayment of the filing fee ("*in forma pauperis*"). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] R. Doc. 4.
[2] R. Doc. 4.
[3] R. Doc. 3-1, pp. 4-5. It also appears Plaintiffs may be alleging Wilson is being illegally imprisoned. R. Doc. 3-1, pp. 4-5. To the extent Plaintiff also seeks release from custody (*see* R. Doc. 1, p. 9), a claim under 42 U.S.C. § 1983 is not the proper procedure. Wilson would have to file a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). This Order does not reach the question of whether Wilson can meet the requirements to file a writ of habeas corpus.

Wilson has, on three or more prior occasions while incarcerated, brought actions or appeals in a federal district court that have been dismissed as frivolous, malicious, or for failure to state a claim.[4]

Notwithstanding three prior "strikes," an inmate may still qualify to file a new civil action *in forma pauperis* based upon a showing of imminent danger. However, allegations of past harm do not provide a basis to avoid application of the three-strikes rule.[5] An inmate who claims the benefit of this exception must show that a current danger rises to the level of exposure to a "serious physical injury."[6] The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[7] The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[8]

Though Wilson has alleged he is in imminent danger of serious physical injury,[9] the allegations of the Complaint do not support such a finding. Rather, the allegations consist largely of incoherent ramblings regarding debts owed and a "mental health file" that has been falsely created regarding Wilson, "so when [Wilson] tells people whats [sic] going on they don't beleave [sic] him."[10] Plaintiffs also make allegations of past harms, alleging that Wilson has been

---

[4] Cases filed by Plaintiff that have been dismissed by this Court or by the Court of Appeals as frivolous or for failure to state a claim include, but are not limited to: *Wilson v. Williams, et al.*, Civil Action No. 14-582 (M.D. La.), *Wilson v. Moore, et al.*, Civil Action No. 15-52 (M.D. La.), *Wilson v. Dabadie, Jr., et al.*, Civil Action No. 17-578 (M.D. La.) and *Wilson v. Marabella, et al.*, Civil Action No. 19-128 (M.D. La). *See also Wilson v. Brock*, No. 19-241 (M.D. La.) (recognizing that Plaintiff had accumulated three strikes and denying his request to proceed *in forma pauperis*.

[5] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).

[6] 28 U.S.C. § 1915(g).

[7] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").

[8] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

[9] R. Doc. 3-1, pp. 4 & 11.

[10] R. Doc. 3-1, p. 5. Plaintiff also makes allegations regarding Bill Gates and allegations that millions of dollars were stolen from him. R. Doc. 3-1, pp. 6-7.

poisoned, among other things, but, as stated above, allegations of past harms are not sufficient to avoid the application of the three-strikes rule.[11]

Though Wilson is barred from proceeding as a pauper, Self is not. However, to proceed further with this action, Self must submit either an application to proceed *in forma pauperis* or the filing fee of $402.00. Accordingly,

**IT IS ORDERED** that by no later than **June 9, 2021**, Cornelius L. Wilson shall pay $402.00, the full amount of the Court's filing fee.[12] The filing fee must be paid in full in a single payment. No partial payments will be accepted.

**IT IS FURTHER ORDERED** that by no later than **June 9, 2021**, Sheila B. Self shall submit either an application to proceed *in forma pauperis* or $402.00, the full amount of the Court's filing fee.

**Failure to comply with the requirements of this Order within the time provided may result in the dismissal of Plaintiffs' action without further notice.**

Signed in Baton Rouge, Louisiana, on May 19, 2021.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Though Plaintiffs also allege that Joseph Guerin told Plaintiff he "will kill him," this is not indicative of *imminent* danger. R. Doc. 3-1, p. 5. *See Ortiz v. Jefferson*, No. 18-226, 2018 WL 4095073, at *2 (S.D. Tex. Aug. 28, 2018) (allegations of guards threatening plaintiff's life insufficient to avoid application of the three-strikes rule).

[12] Pursuant to the plain language of 28 U.S.C. § 1915 any prisoner who brings a civil action, even if proceeding *in forma pauperis*, which Wilson is not permitted to do, must pay the full amount of the court's filing fee. Even if Self were to pay the filing fee, this would not relieve Wilson of paying the filing fee because he is an inmate. *Cf. Harrison v. State*, No. 14-811, 2015 WL 6675570, at *3 (M.D. La. Oct. 30, 2015) ("Pursuant to established procedure, *each pro se* plaintiff is required to sign the Complaint and *each* is responsible for payment of the full amount of the Court's filing fee.") (emphasis in original). Allowing an inmate-plaintiff to circumvent the requirement that he pay the filing fee by naming a non-inmate plaintiff would be contrary to the intent of the statute.